12-85-cr
U.S. v. Nunez-Banuelos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand thirteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> > *Circuit Judges*.

―――――――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 12-85-cr

FRANCISCO J. NUNEZ-BANUELOS,


> *Defendant-Appellant.*

―――――――――――――――――――――――――――――――――――

For Defendant-Appellant:          J. Patten Brown, III, West Hartford, CT

For Appellee:                     Peter S. Jongbloed, Rebecca Wolitz, Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, Acting United States Attorney for the District of Connecticut, New Haven, CT

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Francisco Nunez-Banuelos appeals from a judgment of conviction entered on January 6, 2012, by the United States District Court for the District of Connecticut (Arterton, *J.*). At his trial, the evidence showed that Nunez-Banuelos used a social security number that he had made up in order to obtain seventeen checks for unemployment benefits from the Connecticut Department of Labor. Based on this evidence, a jury convicted Nunez-Banuelos of misusing a social security number in violation of 42 U.S.C. § 408(a)(7)(B) and of seventeen counts of mail fraud in violation of 18 U.S.C. § 1341. On appeal, Nunez-Banuelos argues that the evidence at trial demonstrated that he believed in good faith that he was entitled to unemployment benefits, and thus that he lacked the intent to deceive required to convict him of either misusing a social security number or mail fraud. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

For a jury to convict a defendant of misuse of a social security number, the government must present evidence that the defendant acted with "intent to deceive." 42 U.S.C. § 408(a)(7)(B). Similarly, to have committed mail fraud, a defendant must have possessed "fraudulent intent." *United States v. Novak*, 443 F.3d 150, 156 (2d Cir. 2006). A defendant does not possess the requisite "fraudulent intent" unless he "*contemplated* some actual harm or injury to the[] victims." *Id.* (quotation marks omitted). "However, when the necessary result of the . . . scheme is to injure others, fraudulent intent may be inferred from the scheme itself." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks and brackets omitted).

2

Nunez-Banuelos argues that he did not know that only United States citizens and aliens lawfully residing in the United States could receive unemployment benefits. Instead, he claims that, because his employers paid a per-employee tax to the Connecticut Department of Labor's unemployment benefits system during his term of employment, he reasonably believed that he was entitled to receive such benefits after those employers laid him off. He further contends that he provided his made-up social security number to the Department of Labor only so that it could associate his application for benefits with his prior employment. Thus, he concludes that the jury had no basis for finding beyond a reasonable doubt that he intended to deceive the Department of Labor about his lack of United States citizenship.

But the jury could reasonably reject Nunez-Banuelos's claims. *See United States v. Finley*, 245 F.3d 199, 202–03 (2d Cir. 2001) ("The jury's verdict must be sustained[] if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (internal quotation marks omitted)). The evidence at trial showed that the application for unemployment benefits asked Nunez-Banuelos to submit an alien registration number if he was not a United States citizen, but Nunez-Banuelos submitted a made-up social security number rather than an alien registration number and falsely represented that he was a United States citizen. Based on this evidence, the jury could conclude beyond a reasonable doubt that Nunez-Banuelos took these actions because he knew that, unless he deceived the Department of Labor, he could not obtain unemployment benefits. Because the scheme endeavored to obtain benefits to which Nunez-Banuelos had no entitlement, the jury could also conclude beyond a reasonable doubt that Nunez-Banuelos contemplated harm to the Department of Labor. *See Guadagna*, 183 F.3d at 130. Accordingly, we affirm the convictions.

3

We have considered Nunez-Banuelos's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK